FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 3 0 2008

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| **BRIDGETTE FRAZIER** | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. **4 · 08 - CV - 0 3 7 0 JLH** |
| | ) | |
| **EXPERIAN INFORMATION** | ) | This case assigned to District Judge _Holmes_ |
| **SOLUTIONS, INC.** | ) | and to Magistrate Judge _Deere_ |
| | ) | |
| & | ) | |
| | ) | |
| **WEST ASSET MANAGEMENT, INC.** | ) | |
| | ) | |
| Defendants | ) | |

## COMPLAINT

Comes now Plaintiff Bridgette Frazier, *pro se* and brings this Complaint against

Defendants Experian Information Solutions, Inc. and West Assest Management, Inc. on

the grounds and the amounts set forth herein:

## Preliminary Statement

Plaintiff brings this action for damages based upon Defendants violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* (herein after referred to as the "FCRA") and for defamation, deceit and intentional infliction of emotional distress.

## Parties

1.   Plaintiff Bridgette Frazier is a natural person and is a resident and Citizen of the State of Arkansas.  Bridgette Frazier is a "person" and "consumer" as defined by the FCRA at 15 U.S.C. §1681 a(b) and (c) because she is an individual.  Unless otherwise specifically stated herein the term "Plaintiff" shall refer to Bridgette Frazier.

2.   Defendant Experian Information Solutions, Inc. (herein after "Experian") is a foreign corporation with a principal office address in the State of California.  Experian is a consumer reporting agency, as defined in section 1681 (f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681 a(d) of the FCRA to third parties.

3.   West Asset Management, Inc. (herein after West Management) is a foreign corporation with their principal office address in the State of  Nebraska.  West Management is a furnisher of information as contemplated by FCRA section 1681s-2(a) and (b) that regularly and in the ordinary course of business furnishes information to one

of more consumer reporting agencies about consumer transactions or experiences with any consumer.

## Jurisdiction and Venue

4.   This Court has jurisdiction pursuant to the Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681 (p) and diversity jurisdiction pursuant to 20 U.S.C. § 1332 because Plaintiff is an Arkansas citizen, the Defendants are all foreign corporations and the amount in actual controversy against each defendant exceeds $75,000.  Venue is proper in this jurisdiction as the Plaintiff's claims arose from acts of the Defendants perpetrated in the Eastern District of Arkansas.

## Factual Allegations

5.   On or about August 12th, 2006, the Plaintiff examined a copy of her credit reports from the credit reporting agencies of Experian, Trans Union and CSC (operating through Equifax) after being denied credit and noticed an outstanding delinquent charge from Sprint PCS in the amount of $80.00.

6.   This debt was being collected by Defendant West Management.

7.   Plaintiff soon thereafter called Sprint PCS and paid the debt in full.  Plaintiff called West Asset Management to inform them that the debt to Sprint PCS was no longer outstanding, but paid in full.

3

8. Plaintiff also disputed the information through the online dispute methods provided by Equifax, Trans Union and Experian so that the credit reports would reflect the paid account.

9.   When Plaintiff called Equifax to submit an oral dispute as well, the Equifax representative told Plaintiff that it could not remove the derogatory information because "West Management declined to remove it from my record".

10.   On October 3rd, 2006, Plaintiff again checked her credit reports with Equifax, Experian and Trans Union and noticed that the derogatory information was still on her records, and in fact listed as "Verified and updated on Sep 2006".

11.   On October 3rd, 2006, Plaintiff sent a letter via certified mail to West Management demanding that West Management remove the erroneous and derogatory information from Plaintiff's records with all three credit bureaus.

12.   On or about October 19th, Plaintiff received a response from West Asset Management verifying that the debt was paid in full and that no balance was in fact owed.  West Management also stated that they would notify the credit reporting agencies.

13. However, since that time, Plaintiff has been denied credit, denied expanded credit and had her home owners insurance raised due to a downward fluctuation of her credit scores.

14.    Plaintiff has been unable to become a joint borrower with her husband to refinance his house in order to take advantage of low mortgage rates.

15.    On May 5th, 2007, Plaintiff again pulled up her credit report and noticed Experian still had the collection account by West Management as being owed upon, past due and verified even though West stated the information would be corrected.

16.    Plaintiff has had unnecessary stress and anxiety caused by her lowered credit scores and feels unable to take advantage of numerous opportunities because of this information published in Experian's report.

17.    Plaintiff has been afraid to apply for financing to replace her vehicle because of the possibility of humiliation of being turned away because of the untrue blemish on her credit report.

18.    On or about April 12th, 2008, Plaintiff received a notice from American Express that it had significantly lowered her credit limit even though the account was in good standing and had never been late.  Plaintiff called American Express Customer Service, and they stated that they took action because of derogatory information on her Experian credit report.

19.  On April 18th, 2008 Plaintiff reviewed a copy of her Experian credit report, and discovered that Experian still had the collection account by West Management listed as being owed upon and due,  and verified.

### Plaintiff's claim against Experian

20.  Plaintiff contacted Experian in August and October of 2006 to dispute the derogatory information through Experian's own online dispute resolution process.  Experian failed to conduct a reasonable investigation into Plaintiff's dispute and thus failed to comply with 15 U.S.C. §1681i.  Instead, Defendant Experian simply deferred entirely to West Asset Management and parroted and published  the false and derogatory information.  Based upon information and belief, Experian has no reasonable procedures in place to actually investigate what it was reporting on the Plaintiff's account to ensure maximum accuracy.

21.   Defendant Experian has willfully and/or negligently violated the provisions of the FCRA by willfully and/or negligently failing to comply with its obligations as a credit reporting agency under the FCRA.  Experian is liable for damages under 12 U.S.C. § 1681n and §1681o because it violated 15 U.S.C. §1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report and removing the accounts as directed by West Asset Management; §1681i(a) by failing to follow reasonable procedures to investigate Plaintiff's disputes and promptly remove erroneous information; §1681i(a)(5)(A) by failing to delete information found to be inaccurate as well as any other violations that may be identified as discovery is received.

22.   Even two years after the dispute, Experian continues to demonstrate gross recklessness, willful and wanton disregard for the rights of Plaintiff by continuing to report false and derogatory information on Plaintiff's credit report which is a violation of 15 U.S.C. §1681e(b), despite Plaintiff's effort to correct the inaccuracy.

23.  Experian's willful violations of the FCRA and reckless disregard for the Plaintiff's good name, reputation and credit profile continue to cause the Plaintiff damage and emotional distress.  Experian should know or should have known that publishing false information would cause harm to the Plaintiff.

24.   As a direct and proximate result of the Defendant Experian's violation of the FCRA the Plaintiff has suffered, and continues to suffer damages including, but not limited to adverse actions based upon her requests for credit including denial of credit, credit being offered at substantially higher rates than she would have received had the Defendant Experian accurately reported the information in her credit report.  In addition, Plaintiff Frazier has suffered and continues to suffer embarrassment, humiliation, extreme emotional distress and depression related to her credit report.  The Plaintiff has suffered the loss of opportunity to take advantage of historically low mortgage rates to refinance real property causing a substantial loss of income that could have and would be generated.

**Plaintiff's claim against West Asset Management**

7

25.   Defendant West Management knew of Plaintiff's consumer dispute as evidenced by Equifax Information Services, (a credit reporting agency) contacting West Management and then West Management declining to remove the information.

26.   Defendant West Management had a duty imposed by Section 1681s-2(b) of the FCRA to investigate and submit correct and truthful information to the reporting agencies, which it failed to do.

27.   Defendant West Management negligently and willfully violated the FCRA by furnishing and verifying information to the credit reporting agencies that it knew was inaccurate.

29.   Equifax's admission that West Management declined to correct the information even after West knew or should have known that the information was false demonstrate a willful and conscious disregard for the Plaintiff's rights.

30.   As a result of the derogatory information reported and verified by West Asset Management, Plaintiff has had adverse actions taken in her applications for credit, was embarrassed to apply for credit and suffered economic harm.

31.   Defendant West Management knowingly represented false information to the credit reporting agencies regarding Plaintiff's Sprint PCS account thereby causing extreme emotional distress even though West Asset Management knew or should have known that

the credit reporting agencies would rely on such information and publish such false information to third parties.

### Damages Related to all Defendants

The Defendants failed in their statutory and common law duty to the Plaintiff by recklessly and intentionally injuring the Plaintiff. Defendants know or should know the weight and importance that an individual's credit score can affect not only economic opportunities and loss there of, but even insurance rates and employment opportunities.

Plaintiff's demands against the individual defendants as set forth below:

(A)   **EXPERIAN**: Actual damages in the amount of $180,347.00 and punitive damages in the amount of $541,041.00 plus costs, court costs, legal fees and all such further relief as the court deems just and proper.

(B) **WEST ASSET MANAGEMENT:** Actual damages in the amount of $180,374.00 and punitive damages in the amount of $541,041.00 plus costs, court costs, legal fees and all such further relief as the court deems just and proper.

### Demand for Trial by Jury

Plaintiff demands jury trial as to all issues against all Defendants.

Respectfully submitted,

Bridgette Frazier

312 Beechwood

Little Rock, Arkansas 72205

501-240-1709