**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

BRIDGETTE FRAZIER                                                                                    PLAINTIFF

v.                                           No. 4:08CV00370 JLH

EXPERIAN INFORMATION SOLUTIONS, INC.
and WEST ASSET MANAGEMENT, INC.                                                   DEFENDANTS

**ORDER**

On July 2, 2008, Bridgette Frazier filed a motion for default against Experian Information Solutions, Inc. The Clerk's entry of default was entered the same day. Frazier has now filed a motion for default judgment.

Frazier's motion for default recited that Experian Information Solutions, Inc., was served on May 19, 2008, and that Experian's answer or other responsive pleading was due June 8, 2008, but none was filed. A review of the docket shows that Frazier filed an affidavit of service on May 22, 2008, saying that she had served the summons and complaint by certified mail, return receipt requested, to its principal place of office on record with the Arkansas Secretary of State, that the postal receipt purported to bear the signature of M. Cavalcante, but the summons and complaint were returned to her on May 15, 2008. She says that she then sent the summons and complaint by certified mail, return receipt requested, to Experian's principal office in Costa Mesa, California, and the return receipt came back bearing the signature of Emmillo.

In both instances, Frazier attempted to comply with Rule 4 of the Federal Rules of Civil Procedure. Rule 4 provides that service on a corporation is valid if it is in compliance with state law for service in the state where the district court is located or where service is made. FED. R. CIV. P. 4(e)(1); FED. R. CIV. P. 4(h)(1). Thus, service would be valid if it complied with either Arkansas or

California law.  Rule 4 of the Arkansas Rules of Civil Procedure provides that service upon a domestic or foreign corporation, whether in the state of Arkansas or outside Arkansas, shall be made by delivering a copy of the summons and complaint to an officer, partner other than a limited partner, managing agent or general agent, or any agent authorized by appointment or by law to receive service of summons.  ARK. R. CIV. P. 4(d)(5); ARK. R. CIV. P. 4(e)(3).  Moreover, ARK. R. CIV. P. 4(d)(8)(A)(i) authorizes service by any form of mail addressed to the person to be served with a return receipt requested and delivery restricted to the addressee or the agent of the addressee, provided that the addressee must be a natural person and an agent of the addressee must be authorized in accordance with postal regulations.  The domestic return receipts attached to Frazier's affidavit of service show that the mail was addressed to Experian Information Solutions, Inc., not to a natural person.  Furthermore, delivery was not restricted to the addressee.  The Arkansas Supreme Court has held that this rule must be strictly construed, and that there must be evidence that the plaintiff had directed the summons and complaint to be mailed with restricted delivery or evidence that the summons and complaint were delivered as though the restricted delivery box had been marked.  *Wilburn v. Keenan Cos., Inc.*, 298 Ark. 461, 463, 768 S.W.2d 531, 532 (1989); *cf. CMS Jonesboro Rehab., Inc. v. Lamb*, 306 Ark. 216, 220, 812 S.W.2d 472, 474 (1991).  Under California law, service by mail must include a specified notice and acknowledgment of receipt in addition to a copy of the complaint and summons.  CAL. CIV. PROC. CODE § 415.30.  Since the only evidence of service is the return receipt, it is clear that Frazier's attempted service by mail does not comply with California's required notice and acknowledgment of receipt.

     In summary, Frazier's two attempts at serving summons and complaint by certified mail, return receipt requested, were both defective.  She did not attempt to deliver summons and complaint

to the registered agent for service of process for Experian Information Solutions, Inc., nor to an officer, managing agent, or general agent of that corporation; nor did Frazier check the restricted delivery box on the domestic return receipt on either occasion. Likewise, Frazier did not comply with the notice and acknowledgment of receipt requirements of California law. The attempted service was therefore invalid. The motion for default judgment is therefore DENIED. Document #16. The Clerk's entry of default is hereby set aside.

    IT IS SO ORDERED this 26th day of August, 2008.

                                                J. LEON HOLMES
                                                UNITED STATES DISTRICT JUDGE